In the Matter of the Judicial Settlement of the Trustees Under the will of HENRY BULL, Deceased.

(*Surrogate's Court, Orange County, Filed January 20, 1893.*)

1. EXECUTORS AND ADMINISTRATORS—ASSESSMENT ON BANK STOCK.
    By the will of testator the executors were directed to hold certain bank stock owned by him. Upon the settlement of the estate the

executors were directed to retain the stock in two banks, as trustees, and pay the income to testator's daughter for life and the stock on her death to her issue; if none, to certain of testator's children. One of the banks failed, and an assessment was made on the stockholders for the amount of the stock. *Held,* that the legatees interested under the will took their interest subject to all the necessary incidents, including the possibility of such assessment, and that the trustees should sell the other bank stock to pay said assessment and distribute the balance among those entitled under the will.

2. SAME.

The daughter died without issue, and, in the meantime, certain of testator's children had also died. *Held,* that the interest of such as died lapsed with their death, and the fund should be distributed among the survivors.

Henry Bull died in 1863, and in 1866 his executors had a formal settlement of their accounts before the surrogate of Orange County. By the decree made on the settlement, the executors were directed to retain forty shares of Quassaic Bank stock and five shares of Middletown Bank stock, and pay over the income thereof to the testator's daughter, Catherine Ann Bull, during her natural life, and at her death to pay over said bank stock to her issue, if any there be; if none, then to certain of the testator's children.

Catherine died in June, 1892, and several of the testator's children named had died in the meantime.

At the time of this settlement the Middletown Bank stock still stood in the books of the bank in the name of the testator. Several years ago the bank failed, and an assessment was made upon the stockholders for the amount of their stock. In the meantime the executors had received the dividends on the stock and paid them over to the daughter, Catherine. The receiver of the bank is a party to this proceeding, and asks that the trustees be directed to pay the amount of the assessment. On behalf of the trustees it is urged that the claim is against the estate of the deceased, and that the receiver should look to the residuary legatee.

M. N. Kane, for trustees; W. Vanamee, for receiver.

COLEMAN, S.—At the time of the judicial settlement of the accounts of the executors, in 1866, their duties as such executors with reference to the property then accounted for ceased, excepting only the duty imposed upon them by the decree to apply the balance of the estate remaining in their hands in the manner therein directed, and when that was done they had no further connection with such property as executors. They had previously advertised for creditors, and any creditor presenting a claim thereafter could recover nothing from them unless subsequently *other* property should come into their hands belonging to the estate. By the decree the executors were directed to retain certain bank stock upon a trust created by the will. Now the fact that the trustees and the executors are the same persons does not place such a creditor of the estate in any better condition with reference to the trust fund than would have been the case if the executors had transferred the trust property over to other persons as trustees. Nor has such creditor any greater rights in this trust property because it remains in character the same as when held by the executors, than he would have had had such property been converted into money, and the money paid to the trustee.

Some doubt may arise as to the correctness of the latter statement because of the liability of the testator's estate growing out of the fact that the stock still remains upon the books of the bank in the name of the testator. It must nevertheless be true, because no claim, by reason of this liability was made by any one upon the executors before the title to the property had passed by the decree from them as executors. A creditor may pursue property for the payment of his debt after it has passed from the executor, but that is not done by means of proceedings against executors. If the receiver can compel the payment of his claim in these proceedings it must grow out of some other reason than that he is a general creditor of the testator.

These accounting trustees received the capital stock of these two banks as so much property already invested to be held upon the trust set forth in the will. If instead of receiving bank

stock they had received cash and had invested it in these bank stocks and during their holding of them one of the banks had failed, the liability created by the ownership of the stock of the failing bank would have had to have been met by the trustees from funds derived from the sale of the other, then there would have been no residuary estate to resort to. True, they might not legally invest trust moneys in such securities, but this difficulty could have been removed by the testator directing them so to invest by his will, and that, in effect, is what was done in this case. The testator took a short cut. Instead of directing the investment of a certain sum in stock of these banks, he directed his executors to hold certain stock in which he had already invested. Such being the case the legatees interested under the will in the trust fund took such interest subject to all the necessary incidents resulting from the character of the property set apart by the testator for them, and among others was this very possibility of loss by assessment as well as on the other hand the possibility of becoming more valuable during the continuance of the trust.

I am, therefore, of the opinion that these trustees must sell the Highland Bank stock and from the proceeds pay the receiver's claim and distribute the balance among those entitled under the will.

By the will the use of this bank stock was given to the testator's daughter Catherine during her life and at her death it was given to her "lawful heir or heirs  *   *   *  and in case she leave no heir or heirs at law at her death surviving her, then" such bank stock was given to certain of the testator's children. Catherine was never married and left no lawful issue. In the meantime several of the testator's children who were given a contingent interest in the bank stock have died. The interest of such as have died lapsed with their death, they not having survived the event upon which their interest would become vested, that is, the death of their sister Catherine leaving no issue. The balance of the fund will, therefore, be distributed among those surviving Catherine.